**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. **RODNEY WAYNE FRAZIER,** an individual, | ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | Case No.: 19-CV-38-GKF-FHM |
| 1. **STATE OF OKLAHOMA** *ex rel.* **OFFICE OF THE CHIEF MEDICAL EXAMINER,** | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | **ATTORNEY LIEN CLAIMED FOR THE FIRM** |

## COMPLAINT

**COMES NOW,** the Plaintiff, Rodney Wayne Frazier ("Plaintiff"), through his attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.* and hereby brings a wage claim pursuant to the Oklahoma Protection of Labor Act ("OPLA"), *40 O.S. § 165.2 et seq.*, and a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq* against State Of Oklahoma *ex. rel.* Office of the Chief Medical Examiner ("Defendant") for violations of those statutes committed by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on violations of the Title VII of the Civil Rights Act. The court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Sapulpa, Creek County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC") less than 300 days after the events described herein occurred. Subsequently, Plaintiff submitted a Charge of Discrimination, prepared by the EEOC, to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on November 13, 2018 (attached as Exhibit 1 hereto and hereby incorporated by reference as though fully set forth herein), which was received by Plaintiff via regular mail on November 16, 2018. Plaintiff has timely filed his *Complaint* within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

8. Defendant is an employer as defined by Title VII, in that it was a public entity engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Additionally, Defendant is an employer as defined by the OPLA as employing any person in this state.

9. Plaintiff was, at all times relevant hereto, an employee as defined by Title VII and the OPLA.

## OPERATIVE FACTS

10. Plaintiff was hired in September of 2015 by the Oklahoma Office of Chief Medical Examiner as Medicolegal Death Investigator.

11. On July 7, 2017, while Plaintiff was obtaining a cup of coffee he was asked whether a hug would cheer him up by a female co-worker, Joy Norwood, an employee in the Records department. Despite repeatedly rejecting her advances, Ms. Norwood continued following him down the hall and grabbed him from behind.

12. Plaintiff reported Ms. Norwood's behavior to his immediate supervisor, Dale Gross, via email on July 7, 2017.

13. Amy Elliot, Chief Administrative Officer at the Office of Chief Medical Ecaminer, conducted an investigation into Plaintiff's allegation and issued a written opinion concluding it was meritless on July 11, 2017.

14. On July 11. 2017, Plaintiff was terminated from employment by Ms. Elliot for allegedly "engaging in harassing behavior."

15. Plaintiff believes that he was retaliated against for his complaint of sexual harassment to his supervisor, Mr. Gross.

16. Throughout his employment, Mr. Frazier was frequently scheduled to work over forty (40) hours per week but was rarely compensated for the work he performed in excess of 40 hours in a given workweek.

17. Throughout his employment, Plaintiff was not classified as an exempt employee under the OPLA.

18. More specifically, Plaintiff worked a 5 week rotation schedule working for Defendant. The schedule often assigned him over 40 hours, which included "on call time" for up to 15 hour

3

periods. He was required to respond at any time during these periods, but could not claim them as time worked unless he proved he was actively responding to a call.

## FIRST CLAIM
### (RETALIATION IN VIOLATION OF TITLE VII)

19. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

20. Plaintiff engaged in protected activity by way of the good faith report of the sexual harassment he was subjected to by the Defendant's agent and/or employee.

21. Plaintiff had a reasonable, good-faith belief that he was subjected to sexual harassment and acted in a reasonable manner in opposing said harassment.

22. Plaintiff was subjected to materially adverse actions by Defendant, including termination of his employment, in retaliation for opposing the sexual harassment he believed he was subjected to.

23. Plaintiff's employment was terminated because of his protected right to report sexual harassment.

WHEREFORE, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; enjoin the Defendant from engaging in such conduct; enter a judgment for Plaintiff in an amount equal to the actual damages, compensatory damages, punitive damages and statutory penalties incurred for Defendant's violation, all in excess of $100,000.00, plus interest, costs and attorney fees; and grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
## (VIOLATION OF THE OKLAHOMA PROTECTION OF LABOR ACT)

24. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

25. At all times relevant to the filing of this action, *40 O.S. § 165.2 et seq.* required an employer to pay all wages due to their employees.

26. At all times relevant to this cause of action, Plaintiff was employed by Defendant and regularly worked in excess of forty (40) hours per week in performance of duties assigned by Defendant.

27. Plaintiff is not exempt from the overtime compensation requirements of the OPLA under any exemptions set forth in the Act.

28. Defendant has a statutory duty to maintain accurate time records covering all hours Plaintiff worked and to compensate Plaintiff at a rate of one and one-half (1 ½) times her regular hourly wages for all hours worked in excess of forty in one week.

29. Defendant's failure to properly compensate Plaintiff for overtime worked was a knowing, willful and intentional violation of *40 O.S. § 165.2 et seq.*

**WHEREFORE**, premises considered, Plaintiff prays that the Court adjudge Defendant, in violation of the OPLA; enjoin Defendant from any further violations of the Act; require that Defendant maintain accurate and complete time records on all non-exempt employees; compensate Plaintiff for all hours worked in excess of forty (40) hours per week in accordance with the Act; and, after adjudication of the amount due to Plaintiffs, that the Court enter final judgment against Defendant in sums respectively due to him for unpaid wages, with prejudgment interest thereon, attorney fees and costs; and grant such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: ___*s/ Charles C. Vaught*___
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Rodney W. Frazier
54 E Fairlane Ct
Sapulpa, OK 74066

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2018-01105 | Tamra R. James, Investigator | (405) 231-5745 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Tamra R James_     11/13/2018

Enclosures(s)     Holly Waldron Cole, Area Office Director     (Date Mailed)

cc:
Amy Elliott, Chief Admin. Officer
Oklahoma Office of The Medical Examiner
901 N. Stonewall
Oklahoma City, OK 73117

Charles C. Vaught, Esq.
ARMSTRONG & VAUGHT P.L.C.
2727 E 21st Street, Suite 505
Tulsa, OK 74114

RECEIVED 11-16-18

Exhibit 1